1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   JATINDER SINGH,                        Case No.: 26-cv-1061-JES-DEB

12                          Petitioner,     **ORDER:**

13   v.                                     **(1) GRANTING PETITION FOR
                                            WRIT OF HABEAS CORPUS**
14   JEREMY CASEY; DANIEL A.                **PURSUANT TO 28 U.S.C. § 2241; and**
     BRIGHTMAN; KRISTI NOEM; and
15   PAMELA BONDI,                          **(2) DENYING AS MOOT MOTION
                                            FOR TEMPORARY RESTRAINING**
16                          Respondents.    **ORDER**

17

18                                          **[ECF Nos. 1, 2]**

19

20        Before the Court is Petitioner Jatinder Singh's ("Petitioner") Petition for a Writ of

21   Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner also concurrently filed

22   a motion for temporary restraining order ("TRO"). ECF No. 2. Pursuant to the Court's

23   order to show cause, Respondents filed a return to the petition. ECF No. 5. For the reasons

24   set forth below, the Court **GRANTS** the petition.

25                        **I.      BACKGROUND**

26        Petitioner, a native of India, originally entered the United States on January 24, 2014

27   in Arizona to claim asylum. ECF No. 1 ¶ 13. He was served with a Notice to Appear and

28   placed into removal proceedings. *Id.* ¶¶ 14-15; ECF No. 1-2 at 6. He was released on

February 6, 2014 on a $10,000 bond. ECF No. 1 ¶ 15; ECF No. 1-2 at 29, 31-42. Petitioner alleges that since his release on bond, he has complied with all the conditions of his release and continued to appear for his immigration removal proceedings. *Id.* ¶ 16. Petitioner was re-detained in February 2026, and has been held at Imperial Regional Detention Facility. *Id.* ¶ 17.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.   DISCUSSION

In his petition, Petitioner brings three claims: (1) Violation of the Due Process Clause of the Fifth Amendment; (2) Violation of the Immigration and Nationality Act; and (3) Violation of the Administrative Procedures Act. *Id.* ¶¶ 36-59. He requests release from custody or alternatively, a bond hearing. *Id.* at 20-21. In their return, Respondents state that, pursuant to *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing. ECF No. 4. Respondents do not address the claim Petitioner brings regarding due process.

//

### A.    Bond Hearing

As a threshold issue, the Court will first address whether a bond hearing is an appropriate remedy. As noted above, Petitioner does raise a due process claim, specifically claiming that Petitioner's release on bond and his subsequent ability to establish a life in the United States gives rise to a liberty interest cognizable under the Due Process Clause. ECF No. 1 ¶¶ 40, 41. Once established, this liberty interest cannot be revoked by the government with minimal procedural safeguards. *Id.* ¶¶ 42, 43

Given the arguments Petitioner raised in the petition, coupled with Petitioner's request for release, the Court finds that a bond hearing alone is not sufficient relief. Indeed, in several cases within this district where the petitioner raised a due process violation regarding re-detention after having been released on parole, the courts have rejected the same argument made by Respondents that the petitioner is only entitled to a bond hearing based on *Maldonado Bautista*. *See Naveen v. LaRose*, No. 25-CV-3689 JLS (AHG), 2025 WL 3771900, at *2 (S.D. Cal. Dec. 30, 2025) (rejecting Respondents' argument that petitioner is a class member under *Maldonado Bautista* and therefore only entitled to a bond hearing, rendering his other constitutional arguments moot); *Lozada v. Larose et al.*, No. 25CV3614-LL-KSC, 2026 WL 184205, at *2 (S.D. Cal. Jan. 23, 2026) (rejecting same argument and releasing petitioner on due process violation); *Garcia v. Noem et al.*, No. 25CV3759-LL-BLM, 2026 WL 194745 (S.D. Cal. Jan. 26, 2026) (same); *Xie v. LaRose*, No. 3:25-CV-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026) (same). Thus, despite Respondents' concession regarding a bond hearing, the Court finds it appropriate to address the constitutional violations raised in the petition.

### B.    Due Process

Petitioner argues that his re-detention violates procedural due process because he was given no process when he was re-detained in February 2026. ECF No. 1 at 15-16. As stated above, Respondents do not meaningfully address the procedural due process issue in their return. *See generally* ECF No. 5.

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Courts have identified various ways that a petitioner may be granted some form of release. The choice is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). Under 8 U.S.C. § 1226(a), the government may release a noncitizen in two ways: (A) on a bond in the amount of at least $1,500 and with conditions; or (B) on conditional parole. Thus, petitioner's release here appear to be under § 1226(a)'s bond provision.

Addressing § 1226(a), the court in *Pinchi* explained procedural due process rights that attach once a noncitizen is released under this provision:

> [Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria. The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). [Petitioner] was apprehended by ICE officers when she crossed the border into the United States . . . ICE then released her on her own recognizance. As ICE was not authorized to release

> [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined she was neither. [Petitioner's] release from ICE custody constituted an "implied promise" that her liberty would not be revoked unless she "failed to live up to the conditions of her release." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The regulatory framework makes clear that those conditions were that she remain neither a danger to the community nor a flight risk. . . . Accordingly, [Petitioner's] private interest in retaining her liberty is significant.

*Pinchi*, 792 F. Supp. 3d at 1034-35. Courts have treated the due process analysis similarly whether release was under either provision of § 1226(a). *See, e.g.*, *Kaur v. Chestnut*, No. 1:26-CV-00916-DC-DMC (HC), 2026 WL 373612, at *1 (E.D. Cal. Feb. 10, 2026) (finding same requirements to apply to "bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5)").

In cases where the noncitizen petitioner had previously been released on bond, like Petitioner has here, courts have applied the *Mathews v. Eldridge* framework to hold that those petitioner have a "liberty interest in his continued release on bond." *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1030 (N.D. Cal. 2025) (noting that petitioner was only granted bond after a hearing in front of a neutral immigration judge and had been free on bond more than two years, during which he held a job and participated in his community); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (finding "substantial liberty interest" where petitioner had been out of custody on bond for five years, during which he was employed and an active member of his community). Having established the liberty interest, courts further hold that petitioners are entitled to the protections of procedural safeguards, including at a minimum notice and a pre-deprivation hearing. *Guillermo*, 791 F.3d at 1036; *Kaur*, 2026 WL 373612, at *2 ("[I]n order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered.").

//

The Court agrees with all the foregoing courts and similarly holds that Petitioner has procedural due process rights arising from his prior release on bond. In their briefing, Respondents provide no evidence that Petitioner was afforded any notice or opportunity to be heard regarding the revocation of said bond. *See generally* ECF No. 5. Accordingly, the Court joins these courts and finds that Respondents violated Petitioner's due process rights when they re-detained him in February 2026 without any procedural safeguards.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground and concludes that Respondents' revocation of Petitioner's previously granted bond violates procedural due process, Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his preexisting bond that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **March 5, 2026**, confirming that Petitioner has been released. Petitioner's motion for TRO is **DENIED AS MOOT**.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: February 27, 2026

Honorable James E. Simmons Jr.
United States District Judge